## JASPER v. ROCHELLE-THOMAS
Case No. 81-3689 CA (L) 01 A
Fifteenth Judicial Circuit, Palm Beach County
September 16, 1982

Patrick Weidenbenner, for plaintiff.

Kerry R. Schwencke, for defendant.

Florence Beth Snyder, for Palm Beach Daily News.

LEWIS KAPNER, Circuit Judge

This cause came on for hearing upon the motion to quash filed on behalf of the witness Michael Sallah.

Michael Sallah is employed as a reporter by the Palm Beach Daily News. His knowledge of this case derives exclusively from information contained in the public records of this case and interviews with the parties to this lawsuit. He has no independent personal knowledge concerning the facts of this case; rather, his knowledge was derived solely from his activities as a newspaper reporter.

On or about June 1, 1982, Sallah was served by the Defendant with a subpoena duces tecum for deposition. The subpoena was prompted by the fact that the Plaintiff had identified Sallah as a potential witness during the preparation of the pretrial stipulation.

At the hearing on Sallah's motion to quash, counsel for the Plaintiff indicated that he may wish to call Sallah as an impeachment witness at trial in the event that the Defendant denies making statements which were reported in Sallah's newspaper articles about this case. The Plaintiff has not, however, made any effort to determine whether the Defendant would deny those statements.

The Court, having considered Sallah's memorandum of law and argument of counsel, finds that important First Amendment questions are raised by efforts to compel the testimony of non-party journalists whose knowledge of the case derives solely from their newsgathering activities. Litigants should be sensitive to these concerns and caution must be exercised in evaluating such subpoenas. At the very least, litigants should determine whether a journalist's testimony is really necessary in proving their case before listing him as a witness. Litigants should also be prepared to demonstrate that the journalist's testimony would be relevant to the issues at hand. These inquiries should be undertaken by counsel prior to subpoenaing a reporter.

Since no such inquiries have been undertaken, Sallah's motion to quash is granted. The Court's ruling is without prejudice to either party. The Court will reconsider the issues upon the presentation of a proper record by the Plaintiff or the Defendant.